### WRONGFUL DEATH OF A LOCOMOTIVE ENGINEER.

Circuit Court of Hamilton County.

THE PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. GUSSIE FRANCIS, ADMINISTRATRIX.

Decided, April 23, 1910.

*Defective Railway Equipment—Construction of the Qualifying Liability Act—Charge of Court—Negligence—Proof of Legal Appointment of Administratrix—Sections 9017 and 10770, General Code.*

In an action for damages on account of the wrongful death of a locomotive engineer, alleged to have been due to a defective engine and a defective track upon which to operate it, it is proper to apply the provision of paragraph 2 of Section 9017, General Code, qualifying the liability of railway companies for injuries to their employes.

*Maxwell & Ramsey,* for plaintiff in error.
*Sherman T. McPherson* and *Wm. M. Coffin,* contra.

In this case a judgment was recovered below of $5,000 on account of the wrongful death of the intestate, a locomotive engineer.

GIFFEN, P. J., SWING, J., and SMITH, J., concur.

The testimony of the plaintiff that she is the administratrix of her husband, is not proof that she was duly qualified and acting as such administratrix at the time the petition was filed; but if there was no evidence at all of her legal capacity to sue, we would hesitate before reversing the judgment on that ground only, when the defendant knew, or had good reason to believe, that she had

such capacity. _Packet Co._ v. _Fogarty, Administrator,_ 9 C. C., 418.

It appears from the evidence that the defendant company was negligent in furnishing the deceased a defective locomotive engine, and a defective track upon which to operate it, and that by reason thereof he lost his life.

The court did not err in charging the jury in substance that the provisions of Section 9017, General Code, embodied in paragraph 2 of the act "To qualify the liability of railroad companies for injuries to their employes," passed February 28, 1908 (99 O. L., 25), applied.

Whatever doubt may exist as to the application of Section 1 of the act to a cause of action under Section 10770 (6134, Revised Statutes), there can be no doubt that the clear and broad terms of paragraph 2 of the act apply to such a cause of action.

We find no prejudicial error in the record and judgment will be affirmed.